UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: _____

JOHN TARPLEY AND
FREDESVINDA TARPLEY,

    Plaintiff

v.

MIAMI-DADE COUNTY, FLORIDA,
HECTOR SANCHEZ, individually,
JOSE SANCHEZ, individually, and
JOE WILLIAMS, individually,

    Defendant.
_____/

COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JOHN TARPLEY ("JOHN") and FREDESVINDA TARPLEY ("FREDESVINDA"), files suit against Defendants, MIAMI-DADE COUNTY, FLORIDA (the "County"), HECTOR SANCHEZ, individually ("Officer Hector"), JOSE SANCHEZ, individually ("Officer Jose"), and JOE WILLIAMS, individually ("Sgt. Williams"), and states:

**INTRODUCTORY STATEMENT**

1. This is an action for damages and further relief to redress the deprivation of JOHN's constitutional rights by officials acting under color of State Authority and for damages arising from the deprivation of JOHN's privileges and immunities secured by the Constitution, statutes, regulations, policies, practices, customs and usages of the United States, and pursuant to the Fourth and Fourteenth

1

Amendments to the Constitution of the United States, and 42 U.S.C. §§ 1983 and 1988.

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

3. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4. The Southern District of Florida is the proper venue because the events occurred in Miami-Dade County, Florida.

5. JOHN has exhausted all available administrative remedies and satisfied all conditions precedent to the filing of this Complaint, including the requirements of Florida Statutes § 768.28. Additionally, any further administrative remedies are insufficient to provide the type of relief sought by JOHN.

6. At all times material hereto JOHN was and is a resident of Miami-Dade County, Florida, and at all times was over 18 years of age and *sui juris*.

7. At all times material hereto FREDESVINDA was and is a resident of Miami-Dade County, Florida, the wife of JOHN, and at all times was over 18 years of age and *sui juris*.

8. The COUNTY is located in the southeastern part of Florida, has a population exceeding 2,000,000, is the most populous county in Florida and is home to 35 incorporated cities. The COUNTY has its own police department, and Officer Hector, Officer Jose and Sgt. Williams were employed as law enforcement officers for the COUNTY at all relevant times.

9. Upon information and belief, Officer Hector is a permanent resident of Miami-Dade County, Florida, over 18 years of age and *sui juris*. At all relevant times, Oficer Hector was a law enforcement officer for the COUNTY's police

2

department, acting under color of law.

10. Upon information and belief, Officer Jose is a permanent resident of Miami-Dade County, Florida, over 18 years of age and *sui juris*. At all relevant times, Officer Jose was a law enforcement officer for the COUNTY's police department, acting under color of law.

11. Upon information and belief, Sgt. Williams is a permanent resident of Miami-Dade County, Florida, over 18 years of age and *sui juris*. At all relevant times, Officer Jose was a law enforcement officer for the COUNTY's police department, acting under color of law.

12. Upon information and belief, Unknown Officer #1 is a permanent resident of Miami-Dade County, Florida, over 18 years of age and *sui juris*. At all relevant times, Unknown Officer #1 was a law enforcement officer for the COUNTY's police department, acting under color of law.

13. On March 13, 2011, JOHN was at the USA Flee Market in Miami, inquiring about a booth to sell merchandise. At all relevant times, JOHN had an occupation and peddlers license.

14. JOHN was at the USA Flee Market to inquire about a rental space to operate his business. The name of business was Jay Enterprises and Something Else Boutique.

15. While at the USA Flee Market, JOHN met with a woman he knew and and was inquiring about how she got her space, unexpectedly, an unidentified woman walked up and punched JOHN in the face for no apparent reason.

16. JOHN then called the police, trying to get the woman arrested for the battery that

she committed on his person.

17. Officer Withers responded to the scene and spoke to JOHN. JOHN explained to the officer that he had been struck in the face by the woman who was still at the scene of the altercation.

18. After the officer spoke to the unknown woman who struck JOHN in the face, the officer declined to make an arrest.

19. At some point JOHN met up with Officers Hector Jose, who responded to the scene. Officer Hector told JOHN to leave the property and JOHN complied.

20. JOHN then proceeded to the Northside Police Station to report the incident about having been punched in the face by the unknown woman and Officer Withers refused to arrest her, and that Officer Hector has ordered him to leave the property, even though JOHN was the victim.

21. JOHN spoke to Officer Crum, a black female, and told her that he wanted to report Officer Withers for not making an arrest on the woman who punched JOHN in the face, and he wanted to report Officer Hector for making him leave the USA Flee Market where he had a legal right to be.

22. As JOHN was speaking to Officer Crum about the incident, Officers Hector and Jose walked into the lobby at the North Side Police Station. Officer Hector walked up to JOHN and asked him, "What the fuck are you are you doing here?"

23. JOHN replied that he was there to make a report on him, Officer Hector, and on Officer Withers for their misconduct at the scene.

24. At this point, Officer Hector grabbed JOHN around his neck, chocking JOHN to the point to where JOHN could not breath. Officer Jose punched Tarpley in the

4

ribs on the right side. Officers Hector and Jose then picked up JOHN, lifting him off the ground, and slammed JOHN face first on the police station floor. Officer Crum banged on the glass, yelling at Officers Hector and Jose, stating to leave JOHN alone and that there were no outstanding warrants.

25. As a result of JOHN being slammed face-first on the police station floor, JOHN suffered a broken nose, and open laceration to his face and forehead. JOHN also sustained other pain and suffering, and mental, emotional and psychological injuries.

26. JOHN was then picked up, handcuffed and placed on the floor by a wall.

27. Sgt. Williams witnessed Officer Hector grabbed JOHN around his neck, chocking JOHN to the point to where JOHN could not breath, Officer Jose punched Tarpley in the ribs on the right side, and Officers Hector and Jose then picked up JOHN, lifting him off the ground, and slammed JOHN face first on the police station floor.

28. Officers Hector and Jose wrote a report, charging JOHN with trespass and resisting arrest without violence.

29. The County's Fire Rescue was called to give medical attention to JOHN's injuries, and JOHN was then taken to the County Jail with his injuries.

30. Later on that day, JOHN bonded out of the County Jail and had to prepare for trial.

31. After JOHN bonded out of the County Jail, JOHN proceeded to the University of Miami Hospital, where he was diagnoised with a broken nose, lacerations to the forehead and other injuries.

32. Criminal charges were filed on March 14, 2011, based on the report written by Officers Hector and Jose. JOHN was charged with trespass and resisting arrest without violence.

33. After an arraignment and sounding, the case was later dismissed with all charges being dropped on or about October 17, 2011, after the County destroyed the videorecording of the March 13, 2011, incident.

## COUNT ONE

### 42 U.S.C. § 1983 FALSE ARREST CLAIM
### AGAINST DEFENDANT, HECTOR SANCHEZ

34. JOHN realleges and incorporates by reference Paragraphs 1 through 33 as if fully set forth herein.

35. Officer Hector was a police officer operating under color of law.

36. The actions of Officer Hector, individually, in causing the arrest of JOHN in the absence of either arguable probable cause or probable cause, were taken in absence of lawful authority. The actions of Officer Hector constitute false arrest of JOHN.

37. The conduct of Officer Hector, individually, towards JOHN was objectively unreasonable and violated JOHN's clearly established rights under the Fourth and Fourteenth Amendments of the United States Constitution and 42 U.S.C. § 1983, to be free from seizure and arrest in the absence of probable cause.

38. As a direct and proximate result of the acts described herein, in violation of 42 U.S.C. § 1983, JOHN has suffered loss of liberty and freedom, and has been brought into public scandal, with great humiliation, mental suffering and damaged reputation. JOHN also incurred physical injuries, incurred the expense of bail

*and* has also agreed to pay the undersigned a reasonable fee for his services herein.

WHEREFORE, JOHN prays for:

    a. Judgment for any and all damages recoverable under law against Officer Hector;

    b. Judgment for punitive damages against Officer Hector;

    c. Cost of suit;

    d. Reasonable attorney's fees pursuant to 42 U.S.C. § 1988; and

    e. Such other relief as this Court deems just and proper.

## COUNT TWO

### 42 U.S.C. § 1983 FALSE ARREST CLAIM
### AGAINST DEFENDANT, JOSE SANCHEZ

39. JOHN realleges and incorporates by reference Paragraphs 1 through 33 as if fully set forth herein.

40. Officer Jose were police officers operating under color of law.

41. The actions of Officer Jose, individually, in causing the arrest of JOHN in the absence of either arguable probable cause or probable cause, were taken in absence of lawful authority. The actions of Officer Jose constitute false arrest of JOHN.

42. The actions of Officer Jose, individually, in causing the arrest of JOHN in the absence of either arguable probable cause or probable cause, were taken in absence of lawful authority. The actions of Officer Jose constitute false arrest of JOHN.

43. The conduct of Officer Jose, individually, towards JOHN was objectively unreasonable and violated JOHN's clearly established rights under the Fourth and Fourteenth Amendments of the United States Constitution and 42 U.S.C. § 1983, to be free from seizure and arrest in the absence of probable cause.

44. The conduct of Officer Jose, individually, towards JOHN was objectively unreasonable and violated JOHN's clearly established rights under the Fourth and Fourteenth Amendments of the United States Constitution and 42 U.S.C. § 1983, to be free from seizure and arrest in the absence of probable cause.

45. As a direct and proximate result of the acts described herein, in violation of 42 U.S.C. § 1983, JOHN has suffered loss of liberty and freedom, and has been brought into public scandal, with great humiliation, mental suffering and damaged reputation. JOHN also incurred physical injuries, incurred the expense of bail *and* has also agreed to pay the undersigned a reasonable fee for his services herein.

WHEREFORE, JOHN prays for:

    a.    Judgment for any and all damages recoverable under law against Officer Jose;

    b.    Judgment for punitive damages against Officer Jose;

    c.    Cost of suit;

    d.    Reasonable attorney's fees pursuant to 42 U.S.C. § 1988; and

    e.    Such other relief as this Court deems just and proper.

## COUNT THREE

## 42 U.S.C. § 1983 EXCESSIVE USE OF FOR CLAIM
## AGAINST DEFENDANT, HECTOR SANCHEZ

46. JOHN realleges and incorporates by reference Paragraphs 1 through 33 as if fully set forth herein.

47. The conduct of Officer Hector was objectively unreasonable and resulted in the excessive use of force against JOHN, even if it were an otherwise valid arrest, in violation of JOHN's clearly established constitutional rights under the Fourth and Fourteenth Amendments and 42 U.S.C. § 1983.

48. As a direct and proximate result of the acts described above, in violation of 42 U.S.C. § 1983, JOHN has suffered grievously, has been brought into public scandal, and with great humiliation, mental suffering and damaged reputation.

49. As a further direct and proximate result of the conduct of Officer Hector, JOHN suffered bodily injury, and resulting pain and suffering, mental anguish, loss of capacity for the enjoyment of life, medical care and treatment.

50. JOHN's losses are either permanent or continuing, and JOHN will suffer the losses in the future, in violation of JOHN's civil rights. JOHN has also agreed to pay the undersigned a reasonable fee for his services herein.

WHEREFORE, JOHN prays for:

    a.    Judgment for any and all damages recoverable under law against Officer Hector;

    b.    Judgment for punitive damages against Officer Hector;

    c.    Cost of suit;

    d.    Reasonable attorney's fees pursuant to 42 U.S.C. § 1988; and

e. Such other relief as this Court deems just and proper.

## COUNT FOUR

### 42 U.S.C. § 1983 EXCESSIVE USE OF FOR CLAIM AGAINST DEFENDANT, JOSE SANCHEZ

51. JOHN realleges and incorporates by reference Paragraphs 1 through 33 as if fully set forth herein.

52. The conduct of Officer Jose was objectively unreasonable and resulted in the excessive use of force against JOHN, even if it were an otherwise valid arrest, in violation of JOHN's clearly established constitutional rights under the Fourth and Fourteenth Amendments and 42 U.S.C. § 1983.

53. As a direct and proximate result of the acts described above, in violation of 42 U.S.C. § 1983, JOHN has suffered grievously, has been brought into public scandal, and with great humiliation, mental suffering and damaged reputation.

54. As a further direct and proximate result of the conduct of Officer Jose, JOHN suffered bodily injury, and resulting pain and suffering, mental anguish, loss of capacity for the enjoyment of life, medical care and treatment.

55. JOHN's losses are either permanent or continuing, and JOHN will suffer the losses in the future, in violation of JOHN's civil rights. JOHN has also agreed to pay the undersigned a reasonable fee for his services herein.

WHEREFORE, JOHN prays for:

a. Judgment for any and all damages recoverable under law against Officer Jose;

b. Judgment for punitive damages against Officer Jose;

c. Cost of suit;

d. Reasonable attorney's fees pursuant to 42 U.S.C. § 1988; and

e. Such other relief as this Court deems just and proper.

## COUNT FIVE

### 42 U.S.C. § 1983 MALICIOUS PROSECUTION CLAIM
### AGAINST DEFENDANT, HECTOR SANCHEZ

56. JOHN realleges and incorporates by reference Paragraphs 1 through 33 as if fully set forth herein.

57. No reasonably cautious police officer in the position of Officer Hector would have believed JOHN was guilty-in-fact of any criminal offense.

58. Officer Hector proximately caused criminal proceedings to be instituted or continued against JOHN with malice and in the absence of probable cause that JOHN committed any criminal offense by causing his probable cause affidavit and offense report to be submitted to prosecuting authorities.

59. At all times material hereto, Officer Hector knew that his police reports contained materially false statements and material omissions.

60. At all times material hereto, Officer Hector knew that his police reports would be relied upon by prosecuting authorities for the institution and continuation of criminal charges against JOHN.

61. The conduct of Officer Hector was reckless and without regard to whether the institution or continuation of criminal proceedings against JOHN were justified.

62. The criminal proceedings instituted and continued by Officer Hector reached a bona fide resolution in JOHN's favor – the criminal case was dismissed after the videorecording of the incident was destroyed by the County.

63. As a direct and proximate result of the acts described above, in violation of 42

U.S.C. § 1983, JOHN has suffered loss of liberty and freedom, and has been brought into public scandal, with great humiliation, mental suffering and damaged reputation. JOHN also agreed to pay the undersigned a reasonable fee for his services herein.

WHEREFORE, JOHN prays for:

    a. Judgment for any and all damages recoverable under law against Officer Hector;

    b. Judgment for punitive damages against Officer Hector;

    c. Cost of suit;

    d. Reasonable attorney's fees pursuant to 42 U.S.C. § 1988; and

    e. Such other relief as this Court deems just and proper.

**COUNT SIX**

**42 U.S.C. § 1983 MALICIOUS PROSECUTION CLAIM
AGAINST DEFENDANT, JOSE SANCHEZ**

64. JOHN realleges and incorporates by reference Paragraphs 1 through 33 as if fully set forth herein.

65. No reasonably cautious police officer in the position of Officer Jose would have believed JOHN was guilty-in-fact of any criminal offense.

66. Officer Jose proximately caused criminal proceedings to be instituted or continued against JOHN with malice and in the absence of probable cause that JOHN committed any criminal offense by causing his probable cause affidavit and offense report to be submitted to prosecuting authorities.

67. At all times material hereto, Officer Jose knew that his police reports contained materially false statements and material omissions.

68. At all times material hereto, Officer Jose knew that his police reports would be relied upon by prosecuting authorities for the institution and continuation of criminal charges against JOHN.

69. The conduct of Officer Jose was reckless and without regard to whether the institution or continuation of criminal proceedings against JOHN were justified.

70. The criminal proceedings instituted and continued by Officer Jose reached a bona fide resolution in JOHN's favor – the criminal case was dismissed after the videorecording of the incident was destroyed by the County.

71. As a direct and proximate result of the acts described above, in violation of 42 U.S.C. § 1983, JOHN has suffered loss of liberty and freedom, and has been brought into public scandal, with great humiliation, mental suffering and damaged reputation. JOHN also agreed to pay the undersigned a reasonable fee for his services herein.

WHEREFORE, JOHN prays for:

    a. Judgment for any and all damages recoverable under law against Officer Jose;

    b. Judgment for punitive damages against Officer Jose;

    c. Cost of suit;

    d. Reasonable attorney's fees pursuant to 42 U.S.C. § 1988; and

    e. Such other relief as this Court deems just and proper.

# COUNT SEVEN

## 42 U.S.C. § 1983 FAILURE TO INTERVENE
## CLAIM AGAINST DEFENDANT, JOE WILLIAMS

72. JOHN realleges and incorporates by reference Paragraphs 1 through 33 as if fully set forth herein.

73. Sgt. Williams was present when Officers Hector and Jose violated JOHN's constitutional rights by choking, striking and slamming JOHN to the floor face-first without provocation or cause.

74. Sgt. Williams failed or refused to intervene when Officers Hector and Jose violated JOHN's constitutional rights in his presence.

75. As a result of Sgt. Williams' failure to intervene, Sgt. Williams is directly liable under 42 U.S.C. § 1983.

WHEREFORE, JOHN prays for:

    a. Judgment for any and all damages recoverable under law against Sgt. Williams;

    b. Judgment for punitive damages against Sgt. Williams;

    c. Cost of suit;

    d. Reasonable attorney's fees pursuant to 42 U.S.C. § 1988; and

    e. Such other relief as this Court deems just and proper.

# COUNT EIGHT

## STATE LAW FALSE ARREST CLAIM

76. JOHN realleges and incorporates by reference Paragraphs 1 through 33 as if fully set forth herein.

77. Officers Hector and Jose proximately caused JOHN's arrest in the absence of probable cause or arguable probable cause that JOHN committed any criminal offense.

78. The actions of Officers Hector and Jose, in causing the arrest of JOHN in the absence of probable cause or arguable probable cause, were taken in absence of lawful authority. The actions of Officers Hector and Jose constitute false arrest/false imprisonment of JOHN.

79. The false arrest of JOHN by Officers Hector and Jose was committed in the course and scope of their employment as police officers for the COUNTY.

80. As a direct and proximate result of the acts described above, JOHN has suffered grievously and has been brought into public scandal, with great humiliation, mental suffering and damaged reputation.

81. As a further direct and proximate result of the conduct of the COUNTY, JOHN suffered loss of liberty and freedom, mental anguish, loss of earnings, and loss of capacity for the enjoyment of life. JOHN's losses are either permanent or continuing and JOHN will suffer the losses in the future, in violation of JOHN's rights.

WHEREFORE, JOHN prays for:

a. Judgment for any and all damages recoverable under law against the COUNTY; and

b. Such other relief as this Court deems just and proper.Enter judgment for such other relief as this Court deems just and proper.

## COUNT NINE

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### CLAIM AGAINST DEFENDANT, HECTOR SANCHEZ

82. JOHN realleges and incorporates by reference Paragraphs 1 through 33 as if fully set forth herein.

83. Officer Hector's deliberate and reckless infliction of mental suffering was directed towards JOHN.

84. Officer Hector's actions towards JOHN were outrageous.

85. Officer Hector's conduct caused emotional distress to JOHN.

86. The emotional distress caused by Officer Hector was severe.

WHEREFORE, JOHN prays for:

a. Judgment for any and all damages recoverable under law against Officer Hector; and

b. Such other relief as this Court deems just and proper.

## COUNT TEN

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### CLAIM AGAINST DEFENDANT, JOSE SANCHEZ

87. JOHN realleges and incorporates by reference Paragraphs 1 through 33 as if fully set forth herein.

88. Officer Jose's deliberate and reckless infliction of mental suffering was directed towards JOHN.

89. Officer Jose's actions towards JOHN were outrageous.

90. Officer Jose's conduct caused emotional distress to JOHN.

91. The emotional distress caused by Officer Hector was severe.

WHEREFORE, JOHN prays for:

a. Judgment for any and all damages recoverable under law against Officer Jose; and

b. Such other relief as this Court deems just and proper.

## COUNT ELEVEN

## **SPOLIATION CLAIM AGAINST THE COUNTY**

92. JOHN realleges and incorporates by reference Paragraphs 1 through 33 as if fully set forth herein.

93. After the excessive use of force, illegal arrest, intentional infliction of emotional distress, failure to intervene and ultimately dismissal of all criminal charges, the County knew there existed a potential civil action against it or its officers.

94. The County had a legal duty to preserve the videorecorded evidence which was relevant to the potential civil action.

95. The County destroyed the videorecorded evidence.

96. The destruction of that videorecorded evidence significantly impairs JOHN's ability to prove his claims of excessive use of force, false arrest and failure to intervene.

97. A causal relationship existed between the evidence destroyed and the inability to prove the lawsuit.

98. As a result of the County's negligence, JOHN has sustained damages.

WHEREFORE, JOHN prays for:

a. Judgment for any and all damages recoverable under law against Officer Jose; and

b. Such other relief as this Court deems just and proper.

## COUNT TWELVE

## LOSS OF CONSORTIUM CLAIM

99. JOHN realleges and incorporates by reference Paragraphs 1 through 33 as if fully set forth herein.

100. At the time of the March 13, 2011, incident, JOHN and FREDESVINDA were married, and they continue to be married.

101. That as a result of the wrongful acts of the Defendants, and each of them, FREDESVINDA was caused to suffer, and will continue to suffer in the future, loss of consortium, loss of society, affection, assistance, and conjugal fellowship, all to the detriment of their marital relationship.

102. That all the aforesaid injuries and damages were caused solely and proximately by the negligence of the Defendants.

WHEREFORE, FREDESVINDA prays for:

a. Judgment for any and all damages recoverable under law against the County; and

b. Such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable as of right.

Dated: March 11, 2015.	Respectfully submitted,

LOCKE LAW, P.A.
Attorneys for Plaintiffs
8201 Peters Road, Suite 1000
Plantation, Florida 33324
(954) 382-8858 telephone
(954) 827-0998 facsimile

By: ___/s *Wendell Locke*_____
    Wendell T. Locke, For the Firm
    Florida Bar No. 119260