UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-CV-20997-SCOLA

JOHN TARPLEY and
FREDESVINDA TARPLEY,

    Plaintiff

v.

MIAMI-DADE COUNTY, FLORIDA,
HECTOR SANCHEZ, individually,
JOSE SANCHEZ, individually, and
JOE WILLIAMS, individually,

    Defendant.

_____/

## **PLAINTIFF'S MOTION FOR SUBSTITUTED SERVICE**

Plaintiffs, JOHN TARPLEY and FREDESVINDA TARPLEY ("Plaintiffs"), by and through undersigned counsel, moves for substituted service, and states:

1. Plaintiff filed the Complaint on March 11, 2015. Immediately after filing the Complaint, Plaintiff retained a process server for the purpose of serving Defendants, MIAMI-DADE COUNTY, FLORIDA, and HECTOR SANCHEZ, JOSE SANCHEZ and JOE WILLIAMS, who work for the Miami-Dade County's police department as law enforcement officers.

2. The process server was successful in serving all of the defendants except JOSE SANCHEZ, who no longer works that the branch location. The department has refused to provide us with his new station location, and has refused to make JOSE SANCHEZ otherwise available for service, even though they are supposed to coordinate service pursuant to Florida Statutes § 48.031(1)(b).

3. Plaintiffs request that the Court Order Miami-Dade County to disclose the following information as to Defendant JOSE SANCHEZ so that personal service may be attempted: (i) residence address, (ii) mailing address, (iii) date of birth, and (iv) social security number. This information will enable the Plaintiff to serve Defendant JOSE SANCHEZ and to prosecute his civil rights violation claim against him.

4. Information that is exempt from disclosure under Florida Statutes § 119.07 may be discovered upon a showing of exceptional, necessity or extraordinary circumstances. *See Allen v. City of Miami*, 2003 U.S. Dist. LEXIS 21778, at *8-9 (S.D. Fla. November 14, 2003); *see also Henderson v. Perez*, 835 So. 2d 390 (Fla. 2d DCA 2003). In the *Allen* case, the district court concluded that the plaintiff had made a showing of exceptional necessity or extraordinary circumstances after the plaintiff demonstrated that he could not complete service of process on the law enforcement officer, concluding that "[a] court order requiring disclosure" was warranted. *See Allen*, 2003 U.S. Dist. LEXIS 21778, at *9-10 (S.D. Fla. November 14, 2003).

5. Like *Allen*, the Plaintiff cannot complete service of process because Defendant JOSE SANCHEZ's employer – Miami-Dade County – is refusing to permit the process server to make service on Defendant JOSE SANCHEZ in a private area designated by the employer pursuant to Florida Statutes § 48.031(1)(b). Miami-Dade County's shinanigans are causing the Plaintiff's efforts to prosecute his civil rights violation claim to be stifled. Additionally, each attempt to serve Defendant JOSE SANCHEZ costs the Plaintiff and his counsel $40.00 per defendant per

attempt.  The Plaintiff has incurred more than $80.00 alone in failed attempts to serve Defendant JOSE SANCHEZ.

WHEREFORE, Plaintiffs respectfully request that this Court enter an Order directing Miami-Dade County to disclose Defendant JOSE SANCHEZ's residence address, mailing address, date of birth and social security number.  A proposed Order is attached as Exhibit 1.

Dated: June 22, 2015.                                                         Respectfully submitted,

                                                          LOCKE LAW, P.A.
Attorneys for Plaintiff
8201 Peters Road, Suite 1000
Plantation, Florida 33324
(954) 382-8858 telephone
(954) 827-0998 facsimile

By: __/s *Wendell Locke*_____
     Wendell T. Locke, For the Firm
     Florida Bar No. 119260